**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BEN EARNEST SCOTT, JR.**                                              **PETITIONER**

**v.**                              **CASE NO.   4:07-CR-00321-01 GTE**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

## ORDER DENYING § 2255 RELIEF

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255, filed *pro se*.  The Government has responded.  Petitioner has also submitted a reply and a summary judgment motion.  After considering Petitioner's request for post-conviction relief and the entire record in this case, the Court concludes that the petition must be denied.

## FACTUAL BACKGROUND

On October 3, 2007, Petitioner Ben Scott, Jr., was indicted by a grand jury and charged with three felony counts.  Count 1 charged Petitioner with, having previously been convicted of a felony, possessing a firearm, thereby violating 18 U.S.C. § 922(g)(1).  Count 2 charged Petitioner with possessing four firearms during and in relation to a drug trafficking crime, thereby violating 18 U.S.C. § 924(c)(1)(A).  Count 3 charged Petitioner with possessing with intent to distribute approximately 28.08 grams of cocaine based, thereby violating 21 U.S.C. § 841(a)(1).

Petitioner retained attorney Ron Nichols to represent him.

1

On January 30, 2009, Petitioner appeared before the Court with counsel and entered a plea of guilty to Count 3 of the Indictment.  Counts 1 and 2 were dismissed upon motion of the Government.  On July 15, 2009, Petitioner appeared with counsel before the Court for sentencing.  The Court imposed a sentence of imprisonment of eighty-four (84) months.  Petitioner did not file an appeal.

On July 15, 2010, Petitioner filed the §2255 motion now before the Court.

## DISCUSSION

Petitioner raises one claim.  He contends that his counsel was ineffective in failing to file a motion to suppress.  This claim has no merit.

### Legal Standard for Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the  strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052.   Petitioner  must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id*.

"When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (quotation omitted).

### Failure to File Motion to Suppress

In connection with counsel's alleged ineffectiveness for failing to file a motion to suppress, a § 2255 movant can not prove prejudice if such motion, had it been filed, would have been denied. *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994). The record is clear, based on the uncontroverted facts and well established law, that any effort to suppress the items seized from Petitioner's vehicle would have failed. Accordingly, Petitioner's § 2255 motion is denied.

There appears to be no dispute as to the facts leading to Petitioner's arrest. The Petitioner's version and the Government's version do not differ in any material way.

The conduct giving rise to Petitioner's arrest and conviction occurred on March 1, 2007. Officers had observed two vehicles, a four-door tan Oldsmobile and a four-door blue Buick, traveling at a high rate of speed. Both vehicles were pulled over. They pulled into a driveway where Petitioner was standing in the yard. A passenger in the tan Oldsmobile exited the vehicle, pointed at Petitioner, who stood beside a parked white Ford Thunderbird, and yelled, "He has a gun." The same passenger, later identified as O'Tear Scott, further reported that Petitioner had been calling and threatening her all night.

One of the officers then made contact with Petitioner. She observed Petitioner concealing a black object behind his back. Petitioner began moving toward the white Thunderbird with the object in his hand, leaned in and placed the object in the vicinity of the passenger side of the vehicle. In doing so, Petitioner ignored the officer's command for him to stop and not move.

The officer placed Petitioner in handcuffs. She frisked Petitioner and placed him in the back seat of her patrol car. She then searched the white Thunderbird, where she found a .38

3

caliber revolver under the passenger seat.  Nearby were 28 individual pre-packaged baggies of a substance later determined to be crack cocaine.

Petitioner contends that the search was unlawful because the officer had no reasonable suspicion to believe that he was armed and dangerous.  Petitioner argues that while "it is possible" that his movement to conceal an object behind his back and to reach into a vehicle "could have been made to hide a weapon,"[1] it could just as easily been for a lawful action such as reaching for his driver's license or vehicle registration.  Thus, even Petitioner concedes that his actions *could* have been viewed as those of an armed person attempting to dispose of or hide his weapon.

Petitioner does not appear to appreciate the limitations on the protections provided by the Fourth Amendment.  The Fourth Amendment forbids only searches and seizures which are found to be unreasonable.  *Terry v. Ohio*, 392 U.S. 1 (1967).  "A law enforcement officer is nevertheless justified in making a limited, warrantless search for the protection of himself or others nearby in order to discover weapons if he has a reasonable, articulable suspicion that the person may be armed and presently dangerous."  *United States v. Roggeman*, 279 F.3d 573, 577 (8th Cir. 2002) (quoting *Terry*, 392 U.S. at 30).

Here, the officer performed a protective search to resolve her suspicion that Petitioner was armed and dangerous.  Such suspicion was reasonable under the totality of the circumstances.  Ms. Scott had accused Petitioner of having a gun and threatening her.  Petitioner was observed concealing an unidentified object behind his back.  Petitioner ignored the officer's command to stop, proceeding to lean into a nearby vehicle.  The officer was justified in frisking

---

[1]  Petitioner's motion, Docket No. 51, at p. 4.

Petitioner and in performing a protective search of the vehicle into which Petitioner had leaned, which is where she found a gun and drugs.

On the facts presented, there is no basis for finding that Petitioner's Fourth Amendment rights were violated.  See, e.g., *United States v. Plummer*, 409 F.3d 906, 909 (8th Cir. 2005) (holding that protective search of defendant's vehicle following valid traffic stop was justified where defendant twice reached toward a rifle in the passenger side of the vehicle without explaining to officer what he was doing);  *Michigan v. Long*, 463 U.S. 1032, 1051 (1983) (protective vehicle search permitted "so long as the officers possess an articulable and objectively reasonable belief that the suspect is potentially dangerous.");  *United States v. Davis*, 457b F.3d 817, 822 (8th Cir. 2006) (officer had reasonable suspicion to conduct pat-down search after seeing defendant place his hand behind back as if to place something underneath or behind him).

Had a motion to suppress been filed, it would have been denied.  Petitioner has failed to show that his trial counsel's performance was deficient or that he suffered any prejudice as a result of the alleged deficiency.

## CONCLUSION

Upon review of the entire record in this matter and for the reasons stated herein,

IT IS THEREFORE ORDERED THAT Petitioner Ben Soctt, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Docket No. 51) and Motion for Summary Judgment (Docket No. 58) be, and they are hereby, DENIED.

IT IS FURTHER ORDERED that Petitioner is hereby denied a certificate of appealability as to his §2255 motion and all other substantive motions.

IT IS SO ORDERED this <u>19th</u> day of November, 2010.

<u>/s/Garnett Thomas Eisele</u>
UNITED STATES DISTRICT JUDGE